IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KEVIN W. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:22CV397 |
| | ) |
| SHERIFF VAN SHAW, et al., | ) |
| | ) |
| Defendant(s). | ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee held in the Mecklenburg County Jail at the time of filing, submitted a *pro se* complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). He also filed a Memorandum [Doc. #3], what was docketed as an Amended Complaint [Doc. #4], three Supplements [Doc. #5, #6, #7], and a Motion to Appoint Counsel [Doc. #10]. Plaintiff names Cabarrus County Sheriff Van Shaw, several of his officers, unidentified court personnel, and Plaintiff's former defense attorney, John Lewis, as Defendants based on events connected to a prior arrest and extradition to Virginia. He demands damages along with other relief.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

According to the filings, Plaintiff was arrested on a Governor's Warrant related to charges pending in Virginia and was taken to the Cabarrus County Jail on December 27, 2019. A few days later he went to court for an initial appearance and the appointment of

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

an attorney, Defendant John Lewis, in relation to his possible extradition to Virginia. Ten days later, on January 14, 2020, Defendant Sergeant Mathew Paris allegedly executed the North Carolina Governor's warrant for Plaintiff's extradition and told an unknown deputy to call authorities in Virginia and report that Plaintiff could be extradited. Defendant Paris was allegedly present when that extradition occurred five months later, on June 10, 2020. In the interim period, Plaintiff was allegedly scheduled for seven different court dates, but never taken to court. His last date was for June 12, 2020, or two days after he was finally extradited to Virginia. The Complaint alleges that Defendant Lewis never responded to Plaintiff's letters or came to see him even after Plaintiff filed a complaint with the North Carolina State Bar. The Complaint further alleges that Plaintiff filed several prison grievances regarding the lack of court appearances, and alleges that the grievances were closed by Defendant Sergeant A. Hayes because they did not involve an issue with the Jail. Plaintiff was instructed to contact his attorney concerning the issue.

All of Plaintiff's claims are based on a contention that he was extradited to Virginia without receiving a proper hearing in court on the question of extradition. As another court recently explained:

> "[A] number of circuit courts, including [the United States Court of Appeals for the Fourth Circuit], have held that a violation of the [Uniform Criminal Extradition Act] can provide a basis for a § 1983 claim on the ground that the state extradition statutes are derivative of or are implementing federal law (i.e., the Extradition Clause [U.S. Const. art. IV, § 2, cl. 2] and the federal extradition statute [18 U.S.C. § 3182])." Scull v. New Mexico, 236 F.3d 588, 596 n.1 (10th Cir. 2000) (collecting cases including Wirth v. Surles, 562 F.2d 319 (4th Cir. 1977))). Thus, "law enforcement officials must follow the clear

3

mandates of state and federal extradition laws in the apprehension and transportation of fugitives." Young v. Nickols, 413 F.3d 416, 419 (4th Cir. 2005) (brackets removed).

The Uniform Criminal Extradition Act, as enacted by the North Carolina General Assembly, see N.C. Gen. Stat. §§ 15A–721 to –750, governs the interstate transfer of fugitives from justice found in North Carolina. Batten v. Gomez, 324 F.3d 288, 294 (4th Cir. 2003). The Governor of North Carolina has the duty "to have arrested and delivered up to the executive authority of any other state of the United States any person charged in that state with treason, felony or other crime, who has fled from justice and is found in [North Carolina]." N.C.G.S. § 15A–722. An extradition demand must be made in writing to the Governor. Id. § 15A–723. If the Governor decides to comply with the demand, he signs an arrest warrant that "must substantially recite the facts necessary to the validity of its issuance." Id. § 15A–727. The governor's extradition arrest warrant authorizes "any peace officer or other person" chosen by the Governor to arrest the accused in North Carolina and to deliver the accused to the demanding state. Id. §§ 15A–727, –728. Section 15A–730 (at issue in this case) details the rights of an accused person arrested on a governor's extradition arrest warrant, including his right to apply for a writ of habeas corpus:

> No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this State, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding state.

Id. § 15A-730.

4

Bolick v. Tomkins, Civil Action No. 5:20-cv-2888-RBH, 2022 WL 4376816, at *2-3 (D.S.C. Sept. 22, 2022) (alternations in original).

Here, the Complaint concedes that Plaintiff was taken to a North Carolina state court judge for an initial appearance and was appointed counsel, and the Complaint makes no allegation that Plaintiff, either individually or through counsel, informed the state courts that he sought to test the legality of his arrest, that he filed a writ of habeas corpus, or that he attempted to file such a writ. For this reason, the Complaint does not contain sufficient facts showing that Plaintiff was extradited while attempting to pursue any relief in court or in violation of his rights under the Uniform Criminal Extradition Act. The entire Complaint fails for this reason alone.

There are also further fatal issues with the particular Defendants named in the Complaint. For instance, Plaintiff names his defense attorney as a Defendant. However, defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983, whether the attorney is privately retained, Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976), appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as a public defender, Polk County v. Dodson, 454 U.S. 312, 324 (1981). For this reason, Plaintiff cannot pursue this claim against Defendant Lewis via § 1983 and, if he has a remedy against his attorney, he must find it under the appropriate state law in state court.

5

As set out above, Plaintiff names Matthew Paris as a Defendant based on his reporting to Virginia authorities that Plaintiff was ready to be extradited. The Complaint contains no facts indicating that Defendant Paris knew this to be incorrect or that he knowingly or recklessly gave an illegal order to have Plaintiff taken to Virginia and thereby intentionally violated Plaintiff's rights. There is no allegation that Defendant Paris received any type of notice of a writ or that further proceedings were needed. As noted above, Plaintiff concedes that he was taken before a North Carolina judge for his initial appearance and was appointed counsel as required by state law, and Plaintiff does not allege that he or his attorney filed a petition for a writ of habeas corpus, or that Defendant Paris in any way violated North Carolina extradition laws by thereafter notifying Virginia that Plaintiff was ready to be picked up. The same is true for any unknown deputy or other persons acting on Defendant Paris's orders to contact authorities in Virginia. However, it is possible that Plaintiff could allege additional facts that would support a claim, so the Court will recommend that these claims be dismissed without prejudice to Plaintiff filing an Amended Complaint that more specifically sets out the basis for the claims against these Defendants.

The Complaint also names Cabarrus County Sheriff Van Shaw and Captain Zeeman, who administers the Cabarrus County Jail, as Defendants. Mainly the Complaint appears to name them based on their positions as supervisors. However, this is not proper because theories of *respondeat superior* or liability predicated solely on a defendant's

6

identity as a supervisor do not provide a basis for a claim under § 1983. Iqbal, 556 U.S. at 677. Plaintiff does allege that Defendant Shaw did not maintain proper policies or practices to ensure a correct extradition process. However, the allegation is simply a conclusory assertion without supporting facts and, therefore, does not state a proper claim for relief. Again, this claim should likewise be dismissed without prejudice to Plaintiff filing an Amended Complaint that more specifically sets out the basis for the claims against these Defendants.

Additionally, Plaintiff attempts to bring claims against "Unknown Sheriff Deputies and Court Personale," but makes no attempt to describe or identify these persons and fails to set any facts that could establish a claim against them. Therefore, these attempted claims also fail.

Finally, Plaintiff names Sergeant A. Hayes as a Defendant by alleging that Plaintiff was scheduled for court appearances, that he was not taken to court, that he repeatedly wrote grievances concerning the matter, and that Defendant Hayes denied the grievances stating that this was not a Jail matter. Plaintiff faults Defendant Hayes for failing to assist him with getting to court. However, the Complaint sets out no facts establishing any duty, or even ability, on the part of Defendant Hayes to see that Plaintiff received a court hearing. The scheduling of court matters are, as Hayes apparently pointed out in rejecting the grievances, not ordinarily within the control of jails or detention centers, but are instead controlled by the relevant court. If Plaintiff needed assistance, he had appointed counsel

whose job it was to provide that assistance. Plaintiff alleges that counsel did not do so, but that is a matter he would have to raise against counsel in the state courts as set out previously. If counsel failed to properly perform, this did not somehow place a duty on Defendant Hayes to act. Plaintiff's claim against Defendant Hayes should also be dismissed.[2]

Plaintiff has also filed a Motion to Appoint Counsel [Doc. #10]. Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "a plaintiff does not have an absolute right to appointment of counsel." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Instead, appointment of counsel is "a matter within the discretion of the District Court. It is a privilege and not a right." Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968). In considering a request for appointment of counsel, the United States Court of Appeals for the Fourth Circuit has held that a litigant "must show that his case is one with exceptional circumstances." Miller, 814 F.2d at 966 (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds, Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296 (1989) (holding that Section 1915 does not authorize compulsory appointment of counsel).

---

[2] At times, Plaintiff also lists the "Surety and Bond Insurance" for various Defendants. He does not specifically identify these parties. However, given that all of Plaintiff's claims fail for the reasons set out above, any claim against the Defendants' surety or bond companies also fails.

8

Specifically, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

After reviewing the present case in light of these standards, the Court concludes that Plaintiff has set out the basis for his claims and does not lack the capacity to present those claims. In addition, the Court has considered the claims presented and concludes that this case does not present the type of "exceptional circumstances" that would warrant appointment of counsel. In the circumstances, the Court concludes that there is no basis to appoint counsel in this matter at this time.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be authorized, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment if funds exist for such a payment. Based on a review of Plaintiff's *in forma pauperis* application, he does not have funds to make an initial payment. Therefore, the Court will not order any initial payment, but will order that Plaintiff's custodian withdraw funds from his inmate trust account as they become available

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

9

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of June 2023, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that the Motion for Appointment of Counsel [Doc. #10] is DENIED.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted, without prejudice to Plaintiff filing an Amended Complaint within 21 days with sufficient factual assertions to support a claim for relief against appropriate defendants, as set out above.

IT IS ORDERED that the Clerk is directed to send Plaintiff another copy of the forms for filing a claim under § 1983, which Plaintiff should use if he seeks to file an Amended Complaint with specific factual assertions to support his claim for relief against appropriate defendants.

This, the 12th day of June, 2023.

/s/ Joi Elizabeth Peake
United States Magistrate Judge